## ERIE R. CO. v. CLEVELAND RY. CO.

(Circuit Court of Appeals, Sixth Circuit. November 4, 1926.)

No. 4578.

Street railroads ⟨⇒⟩41(4)—Railroad company's obligation to maintain gates held consideration for agreement placing larger cost of maintaining track crossing on street railway (Gen. Code Ohio, § 3775).

Implied obligation in contract between street railway and railroad company for railroad company's maintenance of gates *held* sufficient consideration for contract placing larger part of maintaining track crossing on street railway company, notwithstanding Gen. Code Ohio, § 3775, requiring expense to be borne jointly.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Action by the Cleveland Railway Company against the Erie Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed.

B. D. Holt, of Cleveland, Ohio (Cook, McGowan, Foote, Bushnell & Burgess, of Cleveland, Ohio, on the brief), for plaintiff in error.

Edw. H. Chaney, of Cleveland, Ohio (Squire, Sanders & Dempsey, of Cleveland, Ohio, on the brief), for defendant in error.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

PER CURIAM. Defendant in error is a street railway whose tracks cross the tracks of plaintiff in error, a steam railroad, at East Ninety-Third street in the city of Cleveland. The predecessor of the railroad company granted to the predecessor of the railway company the right to construct its tracks across the railroad tracks at that point under a contract by the terms of which the larger part of the cost of maintaining the crossing was placed upon the railway company. That company sued the railroad company to recover half of the cost that it had incurred in maintaining the crossing. The railroad company relied in defense upon the contract. In reply the railway attacked the contract as void for want of consideration, there being, as it alleged, at the time the contract was made, a statute of Ohio (section 3775, General Code) by which the cost of maintaining the crossing of a street railway with a steam railroad was to be borne jointly by the companies. The trial court held that, in view of the statute, there was no consideration for the contract.

We do not agree with the decision below, because, while it is not clear that we should regard the provisions as to employing an additional watchman and installing an interlocking apparatus as imposing any obligation on the railroad, it seems certain that that company obligated itself to maintain two-arm gates on both sides of its tracks at Union street and Woodland Hills avenue (now East Ninety-Third street). The obligation is clearly implied in the contract, and in our opinion it is a covenant operating to the advantage of the railway, to the performance of which the railroad is not bound save by the contract. It is true that the cost of erecting the two-arm gates at these points was paid by the railway company, but the duty to maintain them rests on the railroad company. This is a continuing obligation for the benefit of both companies, created and existing by the contract alone. It is, we think, a sufficient consideration to support the promises and undertakings of the railway company.

Judgment is reversed.